1  LAW OFFICES OF BERNARD R. SCHWAM
2  Bernard R. Schwam, Esq. SBN-67452
   *bschwam@sbcglobal.net*
3  16133 Ventura Blvd., Penthouse
   Encino, CA 91436
4  (818) 986-3775, Fax (818) 788-3153

5  Attorneys for Plaintiffs

8  UNITED STATES DISTRICT COURT
9  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA D. CARRETERO AND JOSE G. CARRETERO,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; AND LABORERS HEALTH AND WELFARE TRUST FOR SOUTHERN CALIFORNIA,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>[29 U.S.C. Section 1132] |

Plaintiffs, MARIA D. CARRETERO and JOSE G. CARRETERO (hereinafter referred to individually and/or collectively as "Plaintiffs"), complains of Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY AND LABORERS HEALTH AND WELFARE TRUST FOR SOUTHERN CALIFORNIA, (hereinafter referred to respectively as "ANTHEM" and/or "TRUST" and/or "Defendants") as follows:

**JURISDICTION AND VENUE**

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement

1  Income Security Act of 1974, 29 U.S.C. §1101, et. seq. (hereafter "ERISA") as it involves a claim by Plaintiffs for medical benefits under an employee benefit plan ("Plan") regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2.  The events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2).

3.  The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted or waived by Defendants.

4.  Between the dates of approximately November 2, 2018 through November 30, 2019, Plaintiffs incurred reasonable and medically necessary medical expenses which should have been covered under the Plan and approved for payment. However, Plaintiffs never received reasonable and adequate notice that their medical claims had not been approved until on or about June 29, 2020.

## GENERAL ALLEGATIONS

5.  Plaintiffs are informed and believe and thereon allege that the Plan is an employee welfare benefit plan established and maintained by Plaintiff JOSE G. CARRETERO's employer, BLATNER (hereinafter referred to as "BLATNER") through Defendant TRUST to provide its employees with group long term disability benefits, and to pay a portion of a covered employee's medical expenses.

6.  Plaintiffs are individual citizens and residents of the State of California, Los Angeles County, residing within the Central District of the State of California.

7.  Plaintiffs are informed and believe and thereon allege that the TRUST and/or ANTHEM insures the Plan and is contractually obligated to pay benefits for

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

claims covered under the Plan, which Plan was established by the TRUST for the benefit of its employees.

## FACTUAL BACKGROUND

8. At all times relevant hereto, Plaintiff JOSE G. CARRETERO was the primary insured under the Plan and his wife MARIA D. CARRETERO was an additional insured under the Plan for medical expenses and benefits.

9. Between the dates of November 2, 2018 through November 30, 2019, Plaintiff MARIA D. CARRETERO required reasonable and necessary medical treatment. As a result of those medical treatments, Plaintiff MARIA D. CARRETERO presented claims to Defendant ANTHEM on behalf of the TRUST for payment of the medical bills that were incurred. Defendant ANTHEM sent a number of Explanation of Benefits Forms ("EOBs") to Plaintiff's husband, JOSE G. CARRETERO which states on the EOB that they were sent only for the purpose of: "Retain for Tax Purposes - This is Not a Bill" which did not provide Plaintiffs with any reasonable notice about whether or not their claims were being approved and/or paid. Those EOBs allegedly contained in extremely small print below the billing information, a purported admonition of Plaintiffs' appeal rights. Neither Plaintiff is fluent in English and all of the EOBs which were previously sent were not understood by either Plaintiff MARIA D. CARRETERO or her husband JOSE G. CARRETERO because they were not written in a language which either he or she could reasonably interpret and accordingly Plaintiffs did not understand that they were required to appeal those alleged denials on the EOBs because the information about the appeal rights was buried in the small print and there was nothing in the EOBs to call attention to the alleged appeal rights. Neither Plaintiff ever received a formal letter from either the TRUST or ANTHEM explaining their ERISA obligations to appeal and accordingly, Plaintiffs did not know they had

those obligations. Therefore, and in accordance with ERISA rules and regulations, those appeal rights have never expired.

10. Plaintiffs did not discover they were required to file an administrative appeal to Defendant TRUST or to the Plan until on or about August 2019, at which time Plaintiffs' attempt to reopen their claims and appeal for payment of medical benefits were entirely ignored by both Defendant ANTHEM and the TRUST. Plaintiffs, therefore, allege that Defendants ANTHEM and the TRUST have waived any requirement for Plaintiff to exhaust their administrative remedies.

## FIRST CLAIM FOR RELIEF

### For Damages and Benefits Against Defendant HARTFORD

### (Pursuant to 29 U.S.C. Section 1132(a)(1)(A) and (B)

11. Plaintiffs repeat and reallege each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

12. Regardless of whether there is or is not discretionary language in the Plan, the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

4

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

13. As a direct and proximate result of the Plan and/or ANTHEM's wrongful denial of medical benefits, Plaintiffs contend that the Plan and/or ANTHEM has breached the contract by not paying for the reasonable and necessary medical expenses incurred in the approximate amount of $300,000.00.

14. As a further direct and proximate result of the denial of medical benefits, and due to Defendants' unreasonable denial, Plaintiffs had to engage the services of attorneys to assist them in recovering benefits due them, under the terms of the Plan. Accordingly, Plaintiffs are further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE**, Plaintiffs demand judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for medical benefits in the approximate amount of $300,000.00;

2. Violations of 29 U.S.C. Section (a)(1)(A)(c) for failure to provide requested information according to proof;

3. Interest on said amounts in accordance with law;

4. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

5. For any further relief that the court deems reasonable and just.

DATED: November 28, 2022    LAW OFFICE OF BERNARD R. SCHWAM

By: /s/ Bernard R. Schwam
BERNARD R. SCHWAM
ATTORNEY FOR PLAINTIFFS
JOSE G. CARRETERO
MARIA D. CARRETERO

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT